Ruffin, Judge.
 

 The separation of witnesses is adopted in aid of the cross examination, as a test of the truth of their testimony by its consistency or inconsistency'.
 
 *333
 
 It is not founded on the idea of keeping the witnesses from intercourse with each other. That would be a vain attempt. The expectation is not to prevent the fabrication of false stories ; but by separate cross examinations to detect them. Testimony altogether false might be imposed upon the court as true, because deliver» ed by two or more, trained to the same tale ; or as most frequently happens, because some indubitable and undisputed truth is mingled with much or material falsehood. The great safeguard against such a delusion consists in cross examination ; in which a prompt succession of acute, pertinent, peremptory and sifting interrogatories, not anticipated, and for which answers have-not been provided, surprises and betrays the impostor. And such a cross examination is most effectual when the witness cannoi, by a knowledge of the statements of his predecessor, make his own conform to them. The thing to be avoided then is not that the witnesses should he together, but that they should be examined together. When interrogated separately, all the witnesses, constantly apprehensive of the detection of falsehood, and finding no poise or support but in the truth, are constrained to give in evidence the facts as they occurred. Í find therefore nothing in the rulé of law or the practice which forbids the examination of witnesses, who have been together after being sworn or even once examined. Indeed it is usual to keep them together in the same room, and after a witness has been examined to send him- back, if there be an expectation that he will be called again. Had the party wished to recaí such a witness, there is nothing to preclude him from doing so, at any stage when it would be competent for the party to recaí any witness.
 

 But even that is a much stronger case than the present. The order of trials necessarily imposes upon the parties the duty of making out their cases, at certain stages of the proceedings. They must close at some time ; and after that they cannot be heard again. But it is entirely regular at all times for the witness to correct his own mistake, or to explain his words that have not been correctly understood, No rule can prescribe
 
 *334
 
 to the jury the duty of finding a verdict under a misapprehension. So if the jurors do not understand tlie words or moaning of the witness alike, it is competent an(i proper for them to ask for explanation, before it is too late to act on it. The judge may indeed give it from his notes ; or preferring a direct appeal to the witness himself, as being the best able to repeat and explain his words, and as being again subjected to the ordeal of examination, he may, in his discretion, again place the witness before the jury. When explanations are thus demanded by the judge or jury, they must be considered as asked for the maintenance of truth, and in execution of justice. There is no apprehension of trick or imposition in such cases, as there would be were the same privilege in the party. If indeed the inquiries of the jury sought evidence that was incompetent, or to put the case made by the parties upon new points, the court would undoubtedly inform the jury of their impropriety, and interdict them. But here the re-examintion was solely to satisfy the jury of the testimony already given, and the greater detail made necessary only to produce that satisfaction. So we must consider it; for the objection is not taken to'the subjects of the interrogatories, or the nature of the answers, but only that the witnesses were examined at all after having been together. In that I see nothing against either practice or principle.
 

 Per Curiam. — Judgment aeeirmed.